UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **EMILY O'QUINN** on behalf of herself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**BOOKTRAIL AGENCY, LLC**,<br><br>*Defendant*. | Civil Case No.: _____<br><br>**CLASS ACTION COMPLAINT** |

## INTRODUCTION

1. This action arises out of Defendant, BookTrail Agency, LLC's ("Defendant"), practice of advertising via unsolicited telemarketing to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff has done no business with Defendant and has never provided Defendant prior express written consent to make telemarketing calls to her cellular telephone number.

3. Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls.

4. Accordingly, Plaintiff brings this TCPA action on behalf of herself and two classes of similarly situated individuals under 47 U.S.C. § 227(c); 47 C.F.R. §§ 64.1200(c)(1) and (c)(2).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. The Court has jurisdiction over Defendant because Defendant conducts business transactions in this District, has committed tortious acts in this District and has directed its

telemarketing activities at residents of this District.

7. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

8. Plaintiff Emily O'Quinn is, and at all times mentioned herein was, a citizen and resident of Springfield, Massachusetts.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a Kansas limited liability company with a business address of 99 Wall Street, Suite 3840, New York, New York 10005.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

12. Defendant may be served via its registered office, 10209 Cedar Drive, Overland Park, Kansas 66207, which is also the residence of one of Defendant's officers, Stephen Sopinski.

13. Defendant is owned and operated by Jonathan Roos, Stephen Sopinski, Daryl Christensen and Eric Bubb.

## GENERAL FACTUAL ALLEGATIONS

14. Defendant, or someone acting on its behalf and at its direction, makes unsolicited telemarketing calls marketing its services.

15. These calls come from (315) 512-6061.

16. Because these calls advertise Defendant's services they constitute telemarketing messages and telephone solicitations.

## **PLAINTIFF O'QUINN'S FACTUAL ALLEGATIONS**

17. Plaintiff O'Quinn is the sole and customary user of cellular telephone number (XXX)-XXX-7080.

18. Plaintiff O'Quinn's cellular telephone number, (XXX)-XXX-7080, is a personal telephone number and is used for residential purposes.

19. Plaintiff O'Quinn's cellular telephone (XXX)-XXX-7080 has been on the National Do-Not-Call Registry since October 13, 2018.

20. Plaintiff O'Quinn received Defendant's unsolicited telemarketing calls as described herein.

21. On February 7, 2023 at 2:24am, Plaintiff O'Quinn received a call from one of Defendant's agents named Maxine that solicited her to engage Defendant to assist with the marketing of a book self-published by Plaintiff.

22. The call came from (315) 512-6061.

23. On February 16, 2023 at 2:18am, Plaintiff O'Quinn received a second call from one of Defendant's agents named Maxine that solicited her to engage Defendant to assist with the marketing of a book self-published by Plaintiff.

24. The call came from (315) 512-6061.

25. On February 24, 2023 at 1:02am, Plaintiff O'Quinn received a second call from one of Defendant's agents named Maxine that solicited her to engage Defendant to assist with the marketing of a book self-published by Plaintiff.

26. The call came from (315) 512-6061.

27. Plaintiff O'Quinn never provided prior express written consent (or any consent) to Defendant for these calls.

**DEFENDANT'S LIABILITY**

28. The TCPA prohibits making multiple telephone solicitation calls to a telephone number on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

29. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

30. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

31. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

32. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do-Not-Call registry, including Plaintiff's number.

33. In addition, the TCPA prohibits initiating telephone solicitations "before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

34. Defendant repeatedly violated this rule by placing telephone solicitation to Plaintiff O'Quinn between the hours of 9:00 p.m. and 8:00 a.m. local time.

35. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per call.

36. Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

37. Plaintiff has suffered concrete harm because of Defendant's unwanted and

unsolicited telemarketing, including, but not limited to:

- Device storage;

- Data usage;

- Lost time tending to and responding to the unsolicited calls;

- Invasion of Privacy; and,

- Nuisance.

38. These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

39. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of the "DNC Class" and "Time Class" (together, "the Classes") as defined as follows:

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more calls, (2) from four years prior to the filing of the Compliant to the date of certification, (3) for the purpose of encouraging the purchase of Defendant's services (4) in a 12-month period (5) when the telephone number to which the calls were made was on the National Do-Not-Call Registry at the time of the calls.

> (the "DNC Class")

> Plaintiff and all persons within the United States (1) to whose telephone number Defendant placed (or had placed on its behalf) two or more calls, (2) from four years prior to the filing of the Compliant to the date of certification, (3) between the hours of 9:00pm and 8:00am local time, (4) for the purpose of encouraging the purchase of Defendant's services (5) in a 12-month period.

> (the "Time Class")

40. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

41. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

42. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant placed its calls;

    b. The telephone numbers to which Defendant placed its calls;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and,

    e. The names and addresses of Class members.

43. The Classes are comprised of hundreds, if not thousands, of individuals.

44. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a. Whether Defendant makes telemarketing calls or has them made on its behalf;

    b. Whether Defendant obtains prior express written consent;

    c. Whether Defendant or the entity with which it contracts to make its calls makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

    d. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and,

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

45. Plaintiff is a member of the Classes in that Defendant placed two or more calls for telemarketing purposes in a one-year period to her telephone number when her telephone number

was on the National Do-Not-Call Registry, and certain of the calls were received after 9:00pm and before 8:00am.

46. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

47. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls, lost space on their devices, and suffered a nuisance and an invasion of their privacy.

48. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

49. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent themselves and the Classes.

50. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

51. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

52. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

53. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and DNC Class)**

54. Plaintiff and the proposed DNC Class incorporate the foregoing allegations as if fully set forth herein.

55. Defendant made, or had made on its behalf, calls constituting telephone solicitations to Plaintiff's and DNC Class Members' telephone numbers.

56. Plaintiff's and DNC Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

57. Plaintiff and DNC Class Members each received two or more such calls in a 12-month period.

58. Plaintiff and DNC Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

59. Plaintiff and DNC Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(1)**
**(On Behalf of Plaintiff and the Time Class)**

60. Plaintiff and the proposed Time Class incorporate the foregoing allegations as if fully set forth herein.

61. Defendant made, or had made on its behalf, calls constituting telephone solicitations to Plaintiff's and Time Class Members' telephone numbers.

62. Plaintiff and Time Class Members each received two or more such calls in a 12-month period.

63. Plaintiff and Time Class Members each received a call after 9:00 p.m. but before 8:00 a.m.

64. Plaintiff and Time Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and Time Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representative of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c);

C. An order declaring that Defendant's actions, as set out above, violate 47 C.F.R. 64.1200(c)(2);

D. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

E. An award of statutory damages;

F. An award of treble damages;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated: April 10, 2023**

                                          Respectfully Submitted,

                                          */s/ Brendan J. Quinn*
                                          Brendan J. Quinn, Esq. (#710555)
                                          **INDEGLIA LUTRARIO**
                                          *Attorneys at Law*
                                          300 Centerville Road, Suite 320 East
                                          Warwick, RI 02886
                                          Fax: (401)886-9241
                                          Tel.: (401)886-9240
                                          Brendan.Quinn@Indeglialaw.com
                                          *Counsel for Plaintiff*